*Hill & Alcorn*, for appellant·
*Owsley & Burdett*, for appellee.

---

## H. T. PATTON *v.* H· KASSON.

**Shriff and Constable—Collections—**.

**Evidence of Debt Must be Returned When It Cannot be Collected—No Right to Employ An Attorney.**

Where a constable undertakes to collect a debt and he finds out that he cannot do so, it is his duty to return the evidence of the debt. He has no authority to select an attorney, and if he does so he is responsible for the competency and fidelity of the agent selected by him.

APPEAL FROM BOURBON CIRCUIT COURT.

January 3, 1872.

OPINION BY JUDGE PETERS:

It appears from the receipt executed by appellant to appellee that he undertook as Constable of Bourbon county to collect the debt which the latter held on Haney, and when he ascertained that he could not collect the debt by legal process, either because the debtor was no inhabitant of the county or had no effects therein, it was his duty to have returned the evidence of the debt to appellee. He had no authority to select an attorney in a different county, and if he did so, he would be legally responsible for the competency and fidelity of the agent selected by him. Unless appellee within a reasonable time after being informed of the selection he had made, repudiated his act and notified him thereof; and whether the acts of appellant in the premises were communicated to appellee and he ratified or repudiated them were facts which was the province of the jury to determine.

The two instructions given by the court upon being asked to instruct the jury, by appellee, if they had remained without qualification, would have been in conflict with the legal principle herein stated, and erroneous; but the instruction given on motion of the attorneys for appellant qualified the other two, and taken together presented the law of the case correctly to the jury. Wherefore the judgment is affirmed.

*Hansons, for appellant.*

*Davis, for appellee.*